IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.	No. CR 17-3150 RB

DANIEL MIGUEL MORALES CERVANTES,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Mr. Cervantes's Motion for Compassionate Release, filed on October 19, 2020. (Doc. 34.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is well-taken and should be **GRANTED**.

**I.	Background**

On January 3, 2018, Mr. Cervantes pled guilty to an Indictment charging: (1) conspiracy to possess with intent to distribute 100 kilograms and more of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 21 U.S.C. § 846; and (2) possession with intent to distribute 100 kilograms and more of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. (Docs. 13; 20; 21.) The Court sentenced Mr. Cervantes to 60 months imprisonment. (Doc. 27.) Mr. Cervantes has served approximately 40 months; with good time credit, he has served the equivalent of approximately 49 months or 82% of his sentence. (*See* Doc. 34 at 2.) He now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to the COVID-19 pandemic. (*See id.*)

## II.     Discussion

### A.    Mr. Cervantes presents an "extraordinary and compelling reason" for compassionate release.

Mr. Cervantes seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Cervantes has twice filed such a request with FCI Mendota. (*See* Docs. 34-A; 34-C.) The warden denied his first request on July 15, 2020, and he has not responded to the second request. (*See* Docs. 38 at 7; 34-B.) Thus, the Government concedes that he has exhausted his administrative remedies. (*See* Doc. 38 at 7.)

Mr. Cervantes asserts that extraordinary and compelling circumstances exist due to the unprecedented COVID-19 pandemic. (Doc. 34 at 3.) He argues that his medical conditions—morbid obesity, asthma, human papillomavirus infection, lymphatic swelling in his neck, and vision problems—put him at high risk for severe illness should he contract COVID-19. (*Id.*) The Government acknowledges that the CDC lists obesity as a medical condition that puts individuals

at an increased risk for severe illness from COVID-19.[1] (Doc. 38 at 11 (citing *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Nov. 2, 2020)).) Consequently, the Government concedes that Mr. Cervantes "has demonstrated an 'extraordinary and compelling reason' warranting release." (*Id.* at 12.)

### B.   Other considerations weigh in favor of a sentence reduction.

In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

---

[1] The CDC lists asthma as a condition that *might* put an individual at an increased risk from severe illness. *See People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

18 U.S.C. § 3553(a). Section 3142 requires courts to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

The Government argues that Mr. Cervantes would pose a danger to public safety if he were to be released. (Doc. 38 at 12.) It points to his conduct in this case, where he "conspire[d] with others to possess 328 pounds of marijuana, and transport[[ed] the marijuana in his vehicle . . . ." (*Id.* at 13.) Mr. Cervantes was assigned a criminal history category of IV due to five previous convictions, all of which were largely non-violent barring one for aggravated assault against an officer. (Doc. 22 (PSR) ¶¶ 29–33.) The Court registers its concern for the assault conviction but notes that it occurred when Mr. Cervantes was 21 years old and intoxicated. (*Id.* ¶ 30.)

It appears that while incarcerated, Mr. Cervantes has completed his GED, a variety of educational courses, and two programs on drug education. (Doc. 34-D at 1.) The Government has presented no evidence of any disciplinary incidents. (*See* Doc. 38; *see also* Docs. 34-D at 1 (noting "no incident reports found in last 6 months" (capitalization omitted)); 39 at 2 (asserting that Mr. "Cervantes has maintained a clear conduct record").)

Mr. Cervantes demonstrates that the BOP has approved him "for residential reentry to a halfway house on May 21, 2021." (Doc. 39 at 3 (citing Doc. 39-F at 3)).) That the BOP has approved Mr. Cervantes for residential reentry in approximately five months "establishes that [he] poses no danger to public safety [and] demonstrates that he has served a significant portion of his sentence." (*See id.*) Mr. Cervantes has thoughtfully prepared a release plan: he will stay with his mother, with "whom he is exceptionally close." (*Id.* at 4.) He will obtain employment "at Shamrock Foods through a close relative." (Doc. 34 at 22; *see also* Doc. 34-C.) He also has plans to obtain medical insurance so that he may receive necessary health care. (Doc. 34 at 22; *see also* Doc. 34-C.)

Considering good time credit, Mr. Cervantes has served over 80% of his 60-month sentence. The Court finds that the sentence he has served thus far is adequate under § 3553(a), particularly in the face of this novel pandemic, "a risk that the Court did not anticipate and to which it certainly did not intend to expose Mr. [Cervantes] when it sentenced him . . . ." *See United States v. Lopez*, No. 18-CR-2846 MV, 2020 WL 2489746, at *4 (D.N.M. May 14, 2020). Accordingly, the Court will grant Mr. Cervantes's motion and reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A).

The Court strongly encourages Mr. Cervantes to seek out drug and alcohol counseling through a 12-step or similar program upon his release.

**THEREFORE,**

**IT IS ORDERED** that Mr. Cervantes's Motion for Compassionate Release (Doc. 34) is **GRANTED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE